United States District Court
Southern District of Texas
**ENTERED**
October 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GT LEACH CONSTRUCTORS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:18-CV-2654 |
| | § | |
| AREL RIVER OAKS, LLC, et al. | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Arel River Oaks, LLC's "Motion for Partial Summary Judgment," ECF No. 27.[1] Having considered the parties' briefing,[2] the evidence, and the applicable law, the Court RECOMMENDS that the motion be GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff GT Leach Constructors, LLC ("GT Leach") alleges that it entered into a contract with Defendants Arel River Oaks, LLC ("Arel") and Arel River Oaks Mezz, LLC in December of 2014; that it fully performed under the contract by converting a high-rise Houston apartment building into a condominium tower; and

---

[1] The motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 59.

[2] Plaintiff filed a response, ECF No. 37, and Defendant a reply, ECF No. 44.

1

that Defendants refused to pay GT Leach for this work. ECF No. 53 ¶¶ 9–13. GT Leach claims that the unpaid amount totals at least $4,485,502.63 (of which $1,042,271.42 is retainage), plus an additional $600,000.00 for certain work that defendants allegedly prevented GT Leach from performing. ECF No. 53 ¶¶ 13, 17. GT Leach further alleges that on August 10, 2018, it filed an "Affidavit Claiming Mechanic's and Materialman's Lien" against the project property, which it later amended on September 28, 2018; that on September 18, 2018, Arel and Arel River Oaks Mezz, LLC caused Defendant Hanover Insurance Company to issue and file an initial bond in the amount of $5,164,486.82 to indemnify against the lien; that on November 20, 2018, Arel and Arel River Oaks Mezz, LLC caused Defendant International Fidelity Insurance Company to issue and file a second bond in the amount of $2,436,983.39 to indemnify against the lien; and that on March 27, 2019, GT Leach filed a partial release of the lien with the Harris County Clerk. ECF No. 53 ¶¶ 14–15. Based on these allegations, GT Leach asserts various claims against Arel and other defendants, including a claim for "recovery and collection" of its lien against the indemnity bonds. ECF No. 53 ¶¶ 17–18.[3]

According to Arel's motion for partial summary judgment, GT Leach recorded two liens on the project property, "one for work done under the contract,

---

[3] In its first amended complaint, which was the live pleading at the time the motion for partial summary judgment was filed, GT Leach characterized this claim as one for "foreclosure of [its] liens upon the [p]roperty and/or the [b]onds." ECF No. 18 ¶¶ 17–18.

and another for retainage accrued under the contract." ECF No. 27 at 1 n.1. Arel states that it "recorded a bond to indemnify against th[e] retainage lien." *Id.* at 1. On March 29, 2019, the 269th Judicial District Court of Harris County, Texas entered an agreed order which, among other things, recognized that the amount of the retainage lien had been reduced via partial release to $1,042,271.42, discharged that lien from the property, and attached the lien to the corresponding indemnity bond. ECF No. 27-3 at 1–2. Arel's motion seeks partial summary judgment (1) reducing the amount of GT Leach's claim as to the bond indemnifying against the retainage lien and (2) awarding attorney's fees it claims to have incurred in connection with this motion.

## DISCUSSION

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (quoting Fed. R. Civ. P. 56(a)). While "[a] motion for summary judgment cannot be granted simply because there is no opposition," *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law," *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (unpublished opinion).

### 1. Reduction of the Amount of GT Leach's Claim Against the Retainage-Lien Bond

Arel claims that it made direct retainage payments to GT Leach's subcontractors and secured releases totaling $876,699.92. ECF No. 27 ¶ 3. Arel further claims that it provided GT Leach with documentation of those payments and releases and demanded that GT Leach reduce its retainage claim. *Id.* Arel argues that under § 53.152 of the Texas Property Code,[4] GT Leach was required to make appropriate reductions to the lien and cannot maintain a claim for amounts it knows are not due and owing. *Id.*

In support of its motion, Arel has provided the following evidence: (1) the affidavit filed by GT Leach in September 2018 pertaining to the retainage lien, ECF No. 27-1; (2) the bond indemnifying against the retainage lien, ECF No. 27-2; (3) the agreed order entered by the state court discharging the property from the retainage lien and attaching the indemnity bond, ECF No. 27-3; (4) a May 8, 2019 letter in which Arel claims to have paid three subcontractors $876,699.92 and "demand[ing]

---

[4] The provision states:

>   (a) When a debt for labor or materials is satisfied or paid by collected funds, the person who furnished the labor or materials shall, not later than the 10th day after the date of receipt of a written request, furnish to the requesting person a release of the indebtedness and any lien claimed, to the extent of the indebtedness paid. An owner, the original contractor, or any person making the payment may request the release.
>
>   (b) A release of lien must be in a form that would permit it to be filed of record.

Tex. Prop. Code § 53.152.

4

that GT Leach amend its retainage lien to reduce its claim to account for [that] amount," ECF No. 27-4; (5) an affidavit from Arel's custodian of records authenticating the lien affidavit, the bond, and the May 8 letter, ECF No. 27-5; and (6) an affidavit pertaining to Arel's request for attorney's fees, ECF No. 27-6.

In its response, GT Leach states that it does not oppose Arel's motion with respect to the reduction of GT Leach's retainage lien claim against Arel's indemnity bond and avers that "it appears that the payments set out in [the May 8 letter, ECF No. 27-4] at least approximate the amounts shown in GT Leach's records as retainage owed to the subject subcontractors." ECF No. 37 ¶¶ 1–2. GT Leach further states that it "agrees to entry of a partial summary judgment reducing the amount of GT Leach's September 24, 2018 retainage lien claim against Arel's retainage bond in the amount of $876,699.92." *Id.* ¶ 1.

In light of the evidence submitted by Arel and GT Leach's response, the Court concludes that there is no genuine dispute of material fact concerning the reduction of GT Leach's claim(s) against the retainage bond and that partial summary judgment reflecting a $876,699.92 reduction of that claim should be granted.

### 2. Attorney's Fees

Arel also moves for partial summary judgment granting it an award of $3,235.50 in attorney's fees it claims to have incurred in bringing this motion. ECF No. 27 ¶10. Arel cites Texas Property Code § 53.156, which states:

> In any proceeding to foreclose a lien or to enforce a claim against a bond issued under Subchapter H, I, or J or in any proceeding to declare that any lien or claim is invalid or unenforceable in whole or in part, the court shall award costs and reasonable attorney's fees as are equitable and just. With respect to a lien or claim arising out of a residential construction contract, the court is not required to order the property owner to pay costs and attorney's fees under this section.

Although Arel has prevailed in reducing the amount of GT Leach's claims against the retainage bond, it has not obtained summary judgment on the entirety of any of GT Leach's claims. The request for attorney's fees is therefore premature. *Cf. Guidry v. Wells Fargo Bank, N.A.*, No. 4:16-cv-2618, 2017 WL 58845, at *4 (S.D. Tex. Jan. 4, 2017) (Lake, J.) ("Because Plaintiffs' cause of action for breach of contract remains viable, judgment on attorney's fees would be premature. The court will address Plaintiffs' request for attorney's fees at the appropriate time."). Arel has not demonstrated that it would be "equitable and just" to award attorney's fees at this time. This portion of Arel's motion should therefore be denied without prejudice. GT Leach's objections to the affidavit supporting the request for attorney's fees, ECF No. 37 ¶¶ 5–7 are therefore moot.

## CONCLUSION

For the reasons stated, the Court RECOMMENDS that Arel's motion for partial summary judgment be GRANTED in part and DENIED in part, as follows: the amount of GT Leach's claim against the retainage bond should be reduced by $876,699.92, and Arel's request for attorney's fees should be denied.

6

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed at Houston, Texas, on October 9, 2019.

_____

**Dena Hanovice Palermo
United States Magistrate Judge**