United States District Court
Southern District of Texas
**ENTERED**
May 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GT LEACH CONSTRUCTORS LLC, | § § | CIVIL ACTION NO. 4:18-cv-02654 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| AREL RIVER OAKS LLC, *et al*, | § § § | |
| Defendants. | § | |

### OPINION AND ORDER ON REMAND

This action is remanded for lack of subject matter jurisdiction.

1. Background

Plaintiff GT Leach Constructors LLC is a Texas company. It sued Defendants Arel River Oaks LLC and Arel River Oaks Mezz LLC (together, *Arel*) in Texas state court, alleging various state causes of action arising from the construction of a condominium complex in the River Oaks area of Houston. See Dkt 1 at 9–19 (complaint). The Arel entities are Delaware companies whose members are citizens of New York and New Jersey. Arel thus removed the action based on diversity jurisdiction. See id at 1–6 (removal). But before doing so, Arel separately sued GT Leach in federal court for claims based on the same contract. *Arel River Oaks LLC v GT Leach Constructors LLC*, 4:18-cv-02613 (SD Tex). The two actions were consolidated. GT Leach was realigned as the plaintiff/counter-defendant, and Arel was realigned as the defendant/counter-plaintiff. Dkt 11.

GT Leach and Arel then began adding additional parties. Arel filed a third-party complaint against Kane Innovations Inc, a GT Leach subcontractor. Dkt 17. GT Leach amended its complaint, adding Defendants Richard Leibovitch, Gabriel Bousbib, The Hanover Insurance Company, and International Fidelity Insurance Company. Dkt 18. Arel subsequently filed its fourth amended counterclaim against GT Leach, claiming defective work by GT Leach subcontractors. Dkt 128. Important here, GT Leach then responded by impleading eight of its subcontractors, seven of whom are Texas citizens. Dkt 133.

The parties were advised that the Court was considering its subject matter jurisdiction *sua sponte*. Dkt 153. GT Leach submitted a position paper on the subject, and argument was heard in November 2021. Dkts 158 & 164. Following oral argument, the parties were allowed to submit further briefing. Dkt 164.

2. Legal Standard

Federal courts are ones of limited jurisdiction. *Halmekangas v State Farm Fire and Casualty Co*, 603 F3d 290, 292 (5th Cir 2010). Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668 F3d 281, 286 (5th Cir 2012) (quotation marks and citation omitted). And a district court may on its own properly question the basis of its subject matter jurisdiction. *McDonal v Abbott Laboratories*, 408 F3d 177, 182 n 5 (5th Cir 2005), citing *Ruhrgas AG v Marathon Oil Co*, 526 US 574, 583 (1999).

The burden is on the party asserting federal jurisdiction to establish by a preponderance of the evidence that subject matter jurisdiction is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption against subject matter jurisdiction exists "that must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

Section 1332(a)(1) of Title 28 provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." As to individuals, "citizenship has the same meaning as domicile." *MidCap Media Finance LLC v Pathway Data Inc*, 929 F3d 310, 313 (5th Cir 2019) (quotation marks and citation omitted). As to corporations, they are "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 USC § 1332(c)(1).

"To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media*, 929 F3d at 313 (quotation marks and citation omitted). This means that all persons "on one side of the controversy" must be citizens of different states than all persons "on the other side." Ibid.

### 3. Analysis

#### a. Subject matter jurisdiction

Rule 14 of the Federal Rules of Civil Procedure governs third-party impleader. Rule 14(b) states, "When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so." And Rule 14(a) states in pertinent part, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

Jurisdiction over such claims is governed by 28 USC § 1367(a), which states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal Statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

3

> that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

But section 1367(b) limits this jurisdiction. With emphasis added, it provides in relevant part:

> In any civil action of which the district courts have original jurisdiction *founded solely on section 1332 of this title,* the district courts shall not have supplemental jurisdiction under subsection (a) over *claims by plaintiffs* against persons made parties *under Rule 14* . . . when exercising supplemental jurisdiction over such claims would be *inconsistent with* the jurisdictional requirements of section 1332.

The Fifth Circuit holds that *plaintiff* in section 1367(b) "refers to the *original plaintiff* in the action." *State National Insurance Co v Yates*, 391 F3d 577, 580 (5th Cir 2004) (emphasis added).

Jurisdiction over this action is founded solely on 28 USC § 1332. Dkt 1 at 3. GT Leach is the original plaintiff and is a citizen of Texas. Dkt 1 at 10. It impleaded under Rule 14 seven Texas citizens. Dkt 133. Exercising supplemental jurisdiction over such claims would plainly be—in the words of section 1367(b)—inconsistent with the jurisdictional requirements of section 1332.

GT Leach does in fact concede that there "is no longer complete diversity" among the parties. Dkt 158 at 4. But it argues that its claims against its subcontractors arise solely out of the claims brought by Arel in *Arel River Oaks v GT Leach*, 4:18-cv-02613 (SD Tex). And in that action, it is Arel that is putatively the original plaintiff. Had the cases not been consolidated, GT Leach contends that it could have freely impleaded the non-diverse subcontractors as a defendant in that action. Dkt 158 at 6–

7. And so, for the purpose of its third-party claims, GT Leach suggests that it should be considered a defendant (and not the *original plaintiff*)—meaning that section 1367(b) wouldn't preclude its claims against the nondiverse subcontractors. Id at 7.

To the contrary, GT Leach is the original plaintiff in this action for the very reason that it first filed suit against Arel. True, Arel later filed a separate federal action against GT Leach. But it's clear that the claims brought by Arel in that second action arose "out of the transaction or occurrence that is the subject matter" of the claims by GT Leach. FRCP 13(a)(1)(A). In other words, the claims by Arel were effectively counterclaims relative to the claims by GT Leach in the first action. This reality was then made explicit when the two actions were consolidated and the parties realigned. Had the reverse been true—with Arel having first brought action against GT Leach—GT Leach would be the defendant asserting counterclaims, while also hauling in its subcontractors as third-party defendants. The fact that GT Leach is the *original plaintiff* in this action thus stems not from happenstance but from its own strategic choice to bring action first.

As the original plaintiff in this diversity action, GT Leach has asserted non-federal claims against non-diverse third-party defendants. Addition of such non-diverse parties under these circumstances vitiates diversity jurisdiction, as "neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of [supplemental] jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case." *Owen Equipment & Erection Co v Kroger*, 437 US 365, 377 (1978).

### b. Remand

A question remains as to whether this action should be remanded or whether the claims against the non-diverse subcontractors should be dismissed. This depends upon whether the non-diverse parties are indispensable to this action. See *Lamar Haddox Contractor Inc v Potashnick*, 552 F Supp 11, 13–14 (MD La 1982); cf *Chesapeake*

5

*Louisiana LP v Buffco Production Inc*, 564 F Appx 751, 756 (5th Cir 2014, *per curiam*).

No party objected to the addition of the non-diverse subcontractors. No party now argues that they should be dismissed. And it certainly appears that their presence—and potential liability—is integral to the full scope of this dispute.

Remand is the proper recourse. See 28 USC § 1447(e).

4. Conclusion

The Court FINDS that it lacks subject matter jurisdiction.

This action is REMANDED to the 269th Judicial District Court of Harris County, Texas.

The Clerk of Court is ORDERED to provide a copy of this order to the 269th Judicial District Court of Harris County, Texas.

SO ORDERED.

Signed on April 29, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge